### PATRICK KELLY v. ANN FLANAGAN.

ATTACHMENT—JURISDICTION TO PROCEED WITHOUT SEIZURE.

Where in a civil action before a justice of the peace, brought in the county but not in the township of the defendant's residence, the summons is accompanied by an order of attachment sued out and issued in good faith upon any ground authorizing an attachment against a resident of the county, and the summons is duly served, such justice thereby obtains jurisdiction over the person of the defendant, and may proceed to personal judgment against him, though no property is seized or held under the attachment.

HEARD ON ERROR.

PARKER, J.

On July 24, 1899, Ann Flanagan filed a bill of particulars before a justice of the peace for Washington township, in this county, against Patrick

Kelly, in which she claimed $39.50, on an account for board, and also filed an affidavit for attachment and garnishment, and thereupon a summons and a writ of attachment and garnishment were issued. It appears from the return of the constable on the summons that it was served by leaving a true copy at the place of residence of Patrick Kelly, and it also appears that the garnishee was duly served. It further appears that on July 29, 1899, both parties appeared before the justice and a motion was made on behalf of Patrick Kelly to discharge the attachment, on certain grounds set forth therein, which motion was heard and over-ruled, and from this order Kelly took an appeal to the court of common pleas. Thereupon the case pending before the justice was adjourned until August 9, 1899, at 9 A. M., presumably to await the action of the court of common pleas upon this appeal.

The docket then states, under the date of August 2, 1899, that the motion to dismiss the attachment was heard in the common pleas and was granted, and that the fact that such action had been taken in that court had been certified to the justice.

Then the docket states that on August 9, 1899, the case came on for hearing on its merits. That the plaintiff, with her attorney was in court, but for one hour thereafter the defendant did not appear : That certain witnesses were sworn on behalf of the plaintiff, and that on consideration of the evidence the justice found for the plaintiff and entered judgment against the defendant.

Plaintiff in error (Kelly) contends that after the attachment had been thus discharged the justice had no jurisdiction to proceed farther in the case for the reason that the plaintiff in error was a resident of another township than Washington township, to-wit, Port Lawrence township, Lucas county, and that he was not answerable to a summons, in a civil action for debt, before a justice of the peace in any other township than that of which he was a resident, unless the summons were accompanied by an order of attachment and the order of attachment was made effective by the taking and holding of property, in which event the suit became substantilly a proceeding *in rem*.

That he was not a resident of Washington township and was a resident of Port Lawrence township does not appear in this transcript; but in his petition in error he sets that forth as a matter of fact. It is urged that this averment of fact may be considered because it is something not contradicting the record, but supplementary to it. We do not pass upon that question, but decide the case upon the assumption that the plaintiff in error was a resident of Port Lawrence township.

Subsequently the plaintiff below (Ann Flanagan) instituted a proceeding in aid of execution, under the act passed April 27, 1896, 92 O. L., 375 and 376, authorizing proceedings in aid of execution before a justice. Plaintiff in error was informed of that, and appeared before the justice to oppose such action, and he says that then was the first time he became apprised of the fact that the justice had attempted to exercise jurisdiction in the premises and had proceeded to judgment against him ; and he then and there filed an affidavit setting forth the fact that his residence was in another township, and in this way he undertook to attack and procure the setting aside of this original judgment.

That, we think, could not be accomplished in that way, or in such collateral proceeding. The justice held against him. In this proceeding the plaintiff below failed to reach any property to apply to this judgment,

but the justice proceeded to enter up judgment against the plaintiff in error, in form substantially like the original judgment.

Within four months of the time of the original judgment the plaintiff in error prosecuted error to both these judgments and orders to the court of common pleas and there they were affirmed, and now he prosecutes error in this court to reverse the judgment of the court of common pleas and both of the judgments of the justice.

The statute then in force, providing when a person may or may not be sued before a justice of the peace, is secs. 582, 583 584, Rev. Stat., as amended April 19, 1898, 93 O. L., 146, 147, 148. Section 582 provides:

"The jurisdiction of justices of the peace, in civil cases, unless otherwise directed by law, is limited to the township wherein they have been elected, and wherein they reside; but no justice of the peace shall hold court outside of the limits of the township for which he was elected.

Section 583 provides:

"Justices of the peace within and coextensive with their respective counties shall have jurisdiction and authority * * * * * * * * * To issue attachments and proceed against the goods and effects of debtors in certain cases, * * * but when said justice has jurisdiction of the defendant because he resides in the township for which said justice was elected or otherwise as provided in section 584 of the Revised Statutes, the jurisdiction of the justice shall be coextensive with the county."

Section 584 provides:

"No householder or freeholder resident of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except as otherwise provided by section five hundred and eighty-three, and in the cases following:"

Coming to the fourth paragraph, it reads:

"Where the summons is accompanied with an order to attach property the jurisdiction is coextensive with the county," except—in certain counties,—and this county does not come within the exception.

Now the plain provision of the law, as found in sec. 584, is, that the jurisdiction of the justice shall be coextensive with the county and a householder of any township of the county shall be held to answer the summons, if the summons is accompanied with an order for the attachment of property. If the legislature had intended that it should be coextensive with the county only in cases where such attachment is made effective by the seizing and holding of property or only in special cases where the defendant resided in the county, but not in the township of the justice, it would have been just as easy to have stated it in that way and to have specified the cases. There may be reasons why the jurisdiction ought not to be exercised coextensively with the county unless property is reached by the attachment, unless the defendant is a resident of the township as well as the county of the justice, but we cannot find from the reading of this law that it is so provided.

The only case that is directly in point, to which we are cited, is that of Orr v. Schackel, 7 Dec. 352, in the Hamilton county common pleas. The opinion is by Judge Spiegel, and he holds as follows:

"Section 584, paragraph 4, must be construed together with sec. 583, paragraph 7 and sec. 582, and thus construing it, a justice can only ob-

tain jurisdiction over a non-resident of his township in a civil action, where the order to attach property accompanying the summons is made effective by the attachment of the property; otherwise, not."

And he cites certain cases, but they do not directly bear upon the proposition, and we find ourselves obliged to adopt a different conclusion. as to the proper construction of this law. We think the proper reading. of the statute is that where in a civil action before a justice of the peace brought in the county but not in the township of the defendant's residence, the summons is accompanied by an order of attachment sued out and issued in good faith upon any ground authorizing an attachment against a resident of the county, and the summons is duly served, such justice thereby obtains jurisdiction over the person of defendant, and may proceed to personal judgment against him though no property is seized or held under the attachment. What might be done in a case where one procures an attachment to be issued fraudulently, for the purpose of giving a justice jurisdiction where he ought not to exercise it or in a case where the affidavit should be insufficient, or the like, we do not undertake to say. In this case it does not appear but that. the attachment was sued out and issued regularly and in entire good faith; and that a part of the object of plaintiff's proceeding failed through his misfortune but not through his fault; we therefore hold that the justice might rightfully proceed to judgment against. the plaintiff in error, as he did. This disposes of the case and makes it unnecessary for us to consider or discuss various other questions that enter into the matter; but, if we had got beyond this point and held with the plaintiff in error upon it, there would have remained a serious question as to whether plaintiff in error had not entered his appearance by his motion to discharge the attachment; and also as to whether, where the record shows that he was duly served and knew that the action was pending against him, he can turn his back upon the proceeding and allow judgment to go against him and then prosecute error on the ground that he was a resident of another township—a fact that does not seem to have been brought to the knowledge of the justice of the peace, although the plaintiff in error was present at the time the case was called and adjourned over.

The judgment of the court of common pleas affirming the first judgment of the justice will be affirmed. The second judgment of the justice was unauthorized and does not either strengthen or weaken the first judgment, so we need not notice it farther.

*W. J. Gill*, for plaintiff in error.

*J. A. Chase*, for defendant in error.